22

In re Otis James DUNNING
Carolyn Dianne Young
Dunning, Debtors.

No. 98–14097–A–3.

United States Bankruptcy Court,
S.D. Alabama.

Jan. 14, 1999.

John A. Lockett, Jr., Selma, AL, for debtors.

J. Paul Clinton, Mobile, AL, for American General Finance, Inc.

## ORDER SUSTAINING OBJECTION TO PLAN CONFIRMATION

MARGARET A. MAHONEY, Chief Judge.

This matter is before the court on the debtors' request for confirmation of their chapter 13 plan. American General Finance, Inc. ( American) objects. The court has jurisdiction to hear this matter pursuant to 28 U.S.C. § § 1334 and 157 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the court has the authority to enter a final order. For the reasons indicated below, American's objection to confirmation is sustained and confirmation is denied.

### FACTS

Debtors filed for chapter 13 relief on November 12, 1998. Mr. Dunning had purchased a 1995 Ford Crown Victoria

with financing through American on April 11, 1996. His loan from American was for $38,171.40. This represents the amount financed and a $16,932.30 finance charge. The interest rate was 26.02% and the loan was for 60 months. The payments were $636.19 per month from March 11, 1996 through April 11, 2001. American properly perfected its security interest in the automobile pursuant to Article 9 of the U.C.C. and the Alabama Uniform Certificate of Title and Antitheft Act. Alabama Code § § 7–9–101 et. seq. (1997) and § § 32–8–1 et. seq. (1989).

Before the debtors filed this case, Mr. Dunning defaulted on his loan. American obtained a $25,455.70 judgment on the note and garnished Mr. Dunning's wages. American never exercised its right to foreclose on the automobile.

In debtors' chapter 13 plan American was treated as an unsecured creditor. Debtors neither provided for payments to American based on its security in the automobile nor did they surrender the automobile to American.

Debtors contend that American only has rights as an unsecured creditor because American elected to obtain a judgment on the note. American is therefore precluded from foreclosure and its lien on the automobile is extinguished. American contends that its lien on the automobile is still intact, that it is secured up to the value of the automobile, and that it is unsecured to the extent its claim exceeds the value of the automobile.

### LAW

■■■ The issue is whether a creditor's security interest is extinguished if it decides to sue on the underlying note prior to enforcing its lien. This court holds that upon default, a secured creditor's remedies are cumulative and it may therefore proceed against the collateral even after it has obtained a judgment on the debt.

Section 501(1) of Article 9 of the Uniform Commercial Code explicitly provides that a secured creditor's rights and remedies are cumulative. Alabama Code § 7–9–501 (1997). For purposes of transactions governed by U.C.C. Article 9, section 501 eradicated the doctrine of "election of remedies" in which a claimant must choose between "inconsistent, but coexistent modes of procedure and relief allowed by law on the same state of facts."[1] *Farm Credit Bank of Texas v. Gayle (In re Gayle)*, 189 B.R. 914 (Bankr.S.D.Tex.1995) ( obtaining judgment on promissory note secured by personality does not preclude foreclosure on the property).

Based on the foregoing, American did not lose its security in debtors' automobile when it obtained a judgment on the underlying obligation or when it obtained a garnishment against Mr. Dunning's employer. Debtor's plan did not provide for American to retain its lien and receive payments based on the present value of the collateral. Consequently, the plan does not comply with 11 U.S.C. § 1325(a)(5).

THEREFORE, IT IS ORDERED that American General Finance, Inc.'s objection to confirmation is SUSTAINED. Confirmation of debtors' plan is DENIED. An amended plan will be filed by February 5, 1999. A confirmation hearing on this plan will be held March 4, 1999 at 9:30 a.m. at the Federal Building, Selma, Alabama.

---

1. The doctrine of "election of remedies" has not been altogether abolished. For example, California's "one action rule" restricts a claimant to only "one form of action for the recovery of any debt or the enforcement of any right secured by mortgage on real property ...." California Code of Civil Procedure § 726 (West 1998).